IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**BARBARA JONES**

    **PLAINTIFF**                                                              **CASE NO:**

    Vs

**FAMILY DOLLAR STORES, INC.;**
**DOLLAR TREE INC.; and**
**FAMILY DOLLAR STORES, LLC**

## COMPLAINT

### 1. NATURE OF THE CASE

1. This is an action for monetary damages, attorney's fees, costs, and for declaratory relief to enforce the provisions of Americans With Disabilities Act ("the ADA"), and also to prevent future deprivation of its associated rights, privileges and immunities. This action is also brought to recover monetary damages for violations of state law.

### II. JURISDICTION & VENUE

2. The jurisdiction of the Court invoked under Title 28 of the United States Code §§1331 & 1332 and 42 U.S.C. §12188. Venue is proper pursuant to 42 U.S.C. 1391 as the events giving rise to this suit occurred in this district.

### III. PARTIES

3. Plaintiff, Barbara Jones, (hereinafter referred to as "Plaintiff"), is a citizen who slipped and fell at "Family Dollar" on or about March 4, 2021 during a visit to the store.

4. Defendant Family Dollar Stores, Inc. ("Family Dollar Stores") is a Delaware corporation and wholly-owned subsidiary of Dollar Tree, Inc., with its headquarters and principal place of business located at 10401 Monroe Road, Matthews, North Carolina 28105. Family Dollar Stores exerts day-to-day operational control from the top down by designing, implementing,

monitoring, and enforcing uniform policies and procedures that govern how the retail operations operate, including the operations which are the subject of this complaint.

5. DOLLAR TREE, INC. ("Dollar Tree") is a Virginia corporation and publicly traded company, with its headquarters and principal place of business located at 500 Volvo Parkway, Cheseapeake, Virginia 23320. Dollar Tree is the owner of Family Dollar Stores and all of its subsidiaries and affiliates. Dollar Tree through its affiliates conducts business throughout Indiana. Dollar Tree through Family Dollar Stores operates day-to-day control of its retail locations including the policies and procedures that governs the operations of its retail locations and are the subject of this lawsuit.

6. FAMILY DOLLAR STORES, LLC is a limited liability company with its principal place of business at 500 Volvo Parkway, Cheseapeake, VA, 23320, USA. It can be served with process through its registered agent at Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204. At all times relevant to this Complaint, Family Dollar Stores, LLC (Family Dollar) along with its co-defendants are responsible for the policies and practices that led to Plaintiff's injuries.

## IV. FACTS

7. Prior to instituting this action, Plaintiff suffered from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990. Indeed, Plaintiff is substantially limited to performing one or more major life activities in such a manner and duration under which the average person in the general population can perform that same major life activity.

8. On or about March 4, 2021, Plaintiff visited the subject premises, but was denied full and equal access to, and full and equal enjoyment of, the facilities, services, goods, and accommodations offered within Defendant's subject facilities. Defendant failed to provide floor and ground surfaces that were stable, firm, and slip resistant in compliance with Section 302.1 of the ADA. As a result, Plaintiff, who suffered from balancing issues associated with her

disability, suffered a serious a slip and fall accident at Defendant's location caused by this provision of the ADA as it failed to have any of the code requirements for an accessible store location. Had Defendant provided flooring in compliance with the ADA, her injury could have been prevented.

9.      Instead, Plaintiff has been forced to undergo serious medical treatment as a result of the injuries sustained at Defendant's location.

10.     Plaintiff suffered and continues to suffer severe pain and suffering as a result of the aforementioned injuries.

## V. ADA VIOLATION

11.     Plaintiff reincorporates by reference each of the proceeding paragraphs.

12.     Defendant violated certain provisions of the ADA and proximately caused Plaintiff's injuries.

## VI. NEGLIGENCE

13.     Plaintiff reincorporates by reference each of the proceeding paragraphs.

14.     Plaintiff also alleges that it was a very common occurrence for the public area adjoining the entrance to have slippery floors and unfolded floor mats.

15.     Although Defendants aware of the aforementioned floor that could cause visitors to fall and suffer serious injury, they failed to take reasonable steps to warn customers, including Plaintiff. Defendants failed to provide any signage or institute any procedures related to this known problem until after Plaintiff's injury. Moreover, the defendants failed to take any reasonable steps to keep the floor safe prior to the subject incident.

16.     Despite the known hazardous condition of the floor, each Defendant failed to provide any slip resistant substrate in that area and also failed to repair the frayed unfolded floor mat.

17.     Based on the foregoing, Defendant's failure to take reasonable care in addressing the floor caused Plaintiff's injury that ultimately resulted in tremendous damage to Plaintiff.

## VII.  PREMISES LIABILITY

18. Plaintiff reincorporates by reference each of the proceeding paragraphs

19. Defendants were the owner or operator of the business premises and owed a duty toPlaintiff who was an invitee.

20. Defendants failed to exercise reasonable care to keep the premises in a reasonably safe condition.

WHEREFORE, the Plaintiff hereby demands judgment against each Defendant and the Court declare that the subject property and Subject Facilities owned, operated, leased, controlled and/or administered by the Defendants are violative of the ADA;

    A.    The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

    B.    The Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

    C.    The Court award such other and further relief as it deems necessary, just and proper.

Dated: This 13th day of July, 2022.

Respectfully Submitted,

/s/ Volney Brand
Volney  Brand
Brand Law PLLC
3626 N Hall Ste 610
Dallas, TX 75219
Volney1@brandlaw.us.com
Telephone: 214-932-1472
Fax: 214-932-1473