UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BARBARA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01395-JPH-TAB |
| | ) | |
| DOLLAR TREE INC., | ) | |
| FAMILY DOLLAR STORES, INC, | ) | |
| FAMILY DOLLAR STORES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OVERRULING OBJECTION

On November 14, 2022, Plaintiff, Barbara Jones, filed an amended
complaint without seeking leave to amend.  Dkt. 17.  Because it had been more
than 21 days since Defendants had answered the original complaint, Federal
Rule of Civil Procedure 15(a) required leave to amend unless Defendants
consented to the amendment.  *See* dkt. 11 (answer filed September 2, 2022).
Defendants had not consented, so they requested that the Court order the
amended complaint withdrawn.  Dkt. 18.  The Magistrate Judge granted that
request and struck the amended complaint from the record.  Dkt. 19.

Ms. Jones objected to the Magistrate Judge's order under Federal Rule of
Civil Procedure 72(a), which allows objections to a magistrate judge's ruling on
"a pretrial matter not dispositive of a party's claim or defense."  Dkt. 20; *see
also* 28 U.S.C. 636(b).  The district judge "must consider timely objections and
modify or set aside any part of the order that is clearly erroneous or is contrary
to law."  Fed. R. Civ. P. 72(a).  "Clear error is an extremely deferential standard

1

of review" that will be found only when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006).

Ms. Jones argues that her objection should be sustained because "[t]he court should freely give leave to amend when justice so requires." Dkt. 20 at 2. But Ms. Jones did not file a motion for leave to amend explaining why justice required leave to amend; instead, she filed a bare amended complaint. *See* dkt. 17. She also did not respond to Defendants' request that the Court order the amended complaint withdrawn since it was filed without consent and without the Court's leave. *See* dkt. 18. The Magistrate Judge therefore did not clearly err in striking the amended complaint. *See Fosnight v. Jones*, 41 F.4th 916, 924–25 (7th Cir. 2022) (explaining that if leave to amend is required, plaintiffs should explain the nature and purpose of a proposed amended pleading),

Ms. Jones also alleges that she filed the amended complaint on the "November 14, 2022 deadline to amend the pleadings." Dkt. 20 at 2. But that misrepresents the case management plan, which set a November 14 deadline for "*motions for leave* to amend the pleadings." Dkt. 14 at 2 (emphasis added). As explained, Ms. Jones did not file such a motion. *See* dkt. 17.

Ms. Jones's objection to the Magistrate Judge's order striking the amended complaint is therefore **OVERRULED**. Dkt. [20].

**SO ORDERED.**

Date: 1/25/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel.